UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SMARAGDA KARAKOUDAS, *Pro Se*, | ) | Case No.: 1:20 CV 395 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| YALE R. LEVY, *et al.*, | ) | |
| | ) | |
| Defendants | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case is Defendants Yale Levy ("Levy") and Crown Asset Management, LLC's ("CAM") (collectively, "Defendants"), Motion to Dismiss (ECF No. 4) and *Pro Se* Plaintiff Smaragda Karakoudas's ("Plaintiff") Motion to Change Venue (ECF No. 5). For the following reasons, the court grants Defendants' Motion to Dismiss and denies as moot Plaintiff's Motion to Change Venue.

**I. BACKGROUND**

In April 2019, Defendants sued Plaintiff in state court, alleging that Plaintiff owed $2,521.83 on a past-due credit card account. (Mot. at PageID #33, ECF No. 4; *see also* Compl. at PageID #2, ECF No. 1.) The trial court granted summary judgment in favor of Defendants on December 19, 2019, in the amount of $2,124.83. (Journal Entry, ECF No. 10-4.) Plaintiff promptly appealed to the Ohio Court of Appeals. (Notice of Appeal, ECF No. 10-5); *see also Crown Asset Management, LLC v. Karakoudas*, CA-19-109318 (Ohio Ct. App. filed Dec. 20, 2019).

Despite the pending state appeal, Plaintiff filed a Complaint in this court on February 21, 2020, alleging a violation of the Fair Debt Collection Practices Act ("FDCPA") and seeking relief

from the state trial court judgment. (ECF No. 1.) The short, one-page Complaint seeks damages and asks the court to order Defendants to pay fines to the State of Ohio for the FDCPA violation. (*Id.* at PageID #2, ECF No. 1.) Plaintiff also asks this court to vacate and stay the state court judgment and order Levy to issue a written apology "for damaging and sullying [Plaintiff's family] name." (*Id.*) Defendants moved to dismiss the Complaint for lack of subject matter jurisdiction on March 11, 2020. (ECF No. 4.) Plaintiff filed a Response in Opposition (ECF No. 6) on March 26, 2020, and Defendants filed a Reply (ECF No. 9) on April 9, 2020. On March 16, 2020, Plaintiff filed a Motion to Change Venue (ECF No. 5) to the United States District Court for the Southern District of Ohio. Defendants filed a Response in Opposition (ECF No. 7) on March 31, 2020, and Plaintiff filed a Reply (ECF No. 8) on April 6, 2020.

## II. LEGAL STANDARD

A defendant may challenge the court's subject matter jurisdiction with a motion to dismiss pursuant to Rule 12(b)(1). Rule 12(b)(1) motions can mount either a facial or a factual attack. *See United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Facial attacks challenge the sufficiency of the pleading itself. *Id.* When adjudicating a motion to dismiss based upon a facial attack, the court must accept as true all material allegations in the complaint and construe the facts in the light most favorable to the non-moving party. *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235 37 (1974)). By contrast, factual attacks challenge the factual predicate for subject matter jurisdiction, regardless of what is or might be alleged in the pleadings. *Ritchie*, 15 F.3d at 598. With such challenges, no presumption of truthfulness applies to the allegations, so the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). Regardless of the type of attack, the plaintiff bears the burden to establish that subject matter jurisdiction exists. *See Giesse v. Sec'y of Dept. of Health & Human Servs.*, 522 F.3d 697, 702 (6th Cir. 2008). But because lack of subject matter jurisdiction

is a non-waivable, fatal defect, *see Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 75 (6th Cir. 1990), the court must satisfy itself that it has subject matter jurisdiction over the action proceeding, *see Kusens v. Pascal Co.*, 448 F.3d 349, 359 (6th Cir. 2006).

### III. LAW AND ANALYSIS

**A.  Defendants' Motion to Dismiss**

Defendants assert that the court lacks subject matter jurisdiction over Plaintiff's Complaint. Specifically, Defendants argue that "[t]his is one of those rare cases where the *Rooker-Feldman* doctrine requires dismissal" under Rule 12(b)(1) because the Complaint impermissibly asks a federal district court to review a state-court judgment. (Mot. to Dismiss at PageID #34, ECF No. 4.) Defendants also assert that Plaintiff's Complaint is an improper collateral attack. (*See id.* at PageID #36 38.) Plaintiff counters that dismissal is inappropriate because because Plaintiff raises new arguments under the FDCPA, which clearly implicate this court's subject matter jurisdiction. (Pl.'s Opp'n at PageID #45 46, ECF No. 6.)

1. *Rooker-Feldman*

The *Rooker-Feldman* doctrine precludes lower federal courts from exercising jurisdiction over actions that in substance seek appellate review of state court judgments, even if the plaintiff claims that the state court judgment violates federal rights. *See Dakota v. Brown*, No. 3:12-CV-2110, 2012 WL 5378733, at *5 (N.D. Ohio Oct. 31, 2012) (citing *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 16 (1923)).This doctrine makes clear that lower federal courts cannot review "final state-court judgments because 28 U.S.C. § 1257 vests sole jurisdiction to review such claims in the Supreme Court." *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020) (quoting *Berry v. Schmitt*, 688 F.3d 290, 298 (6th Cir. 2012)). In other words, to challenge a state court decision, litigants must proceed through the state appellate system and then to the Supreme Court of the United States. *See United*

*States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995).

However, the *Rooker-Feldman* doctrine "has a limited scope. . . . It applies only to the 'narrow' set of 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *VanderKodde*, 951 F.3d at 402 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). To determine whether the doctrine applies, courts must look at the "source of the injury the plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). If the source of the injury is the state-court judgment itself, *Rooker-Feldman* applies. *See id.* But if the injury flows from a different source, then the plaintiff's complaint asserts an independent claim. *See id.* at 393 94.

The court concludes that *Rooker-Feldman* does not apply here because Plaintiff's Complaint alleges injuries under the FDCPA that are independent of the state court judgment. Federal district courts clearly have subject matter jurisdiction over FDCPA claims, and nothing divests the court's jurisdiction over this action because Plaintiff never raised her FDCPA argument before the state court  *i.e.* considering the FDCPA claim would not constitute appellate review of the state court judgment. *See VanderKodde*, 951 F.3d at 402 04. Because Plaintiff raises an independent claim, *Rooker-Feldman* is inapposite even if the FDCPA issue is "inextricably intertwined" with the state court judgment. *Todd v. Weltman, Weinberg & Reis Co., L.P.A.*, 434 F.3d 432, 437 (6th Cir. 2006) (explaining that "even if the independent claim was inextricably linked to the state court decision, preclusion law was the correct solution to challenge the federal claim, not *Rooker-Feldman*").

In short, Defendants' reliance on *Rooker-Feldman* is misplaced. To the extent Defendants lament that raising the FDCPA issue now rather than during the initial state action forfeits judicial efficiency and squanders scarce judicial resources, the court agrees. But the Sixth Circuit has explained that, while "[o]ther doctrines, like res judicata, collateral estoppel, and forfeiture can

discourage strategic sandbagging in litigation[,] *Rooker-Feldman*'s focus lies elsewhere." *VanderKodde*, 951 F.3d at 404.

    2.  Collateral Attack

The Full Faith and Credit Clause requires federal courts to "give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). And in Ohio, the collateral attack doctrine "disfavors the authority of one court to revisit a judgment of another court, in another proceeding, in other than very limited circumstances." *Ohio Pyro, Inc. v. Ohio Dep't of Commerce*, 875 N.E.2d 550, 552 (Ohio 2007).

Defendants maintain that "[t]he relief sought in this case is an impermissible collateral attack on the judgment issued in the Cuyahoga County Court of Common Pleas" because "Plaintiff is attempting to undo the judgment against her." (Mot. to Dismiss at PageID #37 38, ECF No. 4.) Plaintiff Responds that "[t]here is no collateral attack" because Plaintiff's Complaint asserts an independent FDCPA challenge based on Defendants' alleged unlawful debt collection practices. (Pl.'s Opp'n at PageID #46, ECF No. 6 ("[Plaintiff] was given 4 different amounts [owed] on one account. It is illegal to misrepresent the amount owed.").)

After reviewing Plaintiff's Complaint and Response in Opposition, the court finds Defendants' argument well-taken. Despite Plaintiff's assertion that she is not raising a collateral attack, her Complaint states that the underlying state court action itself "was in violation of [the FDCPA]." (Compl. at PageID #2, ECF No. 1.) Moreover, Plaintiff explicitly asks this court to vacate and stay the state court judgment, which extends far beyond the type of relief available under the FDCPA. (*Id.*); *see also Frazier v. Matrix Acquisitions, LLC*, 873 F. Supp. 2d 897, 905 (N.D. Ohio 2012) (dismissing FDCPA claims where "[plaintiff] does not confine the relief she requests to that provided for by the FDCPA . . . ; she also seeks to undo the effects of the final judgment . . . entered

in the underlying action"). In the Response in Opposition, Plaintiff also argues that Defendants cannot collect the disputed debt because it is time-barred. (Pl.'s Opp'n at PageID #46 47, ECF No. 6.) This argument goes directly to the validity or collectability of the debt, which necessarily implicates the state court judgment. *See Frazier*, 873 F. Supp. 2d at 905.

Because the core of Plaintiff's claim challenges the validity of the disputed credit card debt, this action is an improper collateral attack on the state court judgment. Consequently, it must be dismissed. To obtain the relief she seeks, Plaintiff must pursue the appeal pending in state court. She is free to file a federal complaint challenging the legality of Defendants' debt-collection practices. *See Todd v. Weltman Weinberg & Reis Co., LPA*, No. 1:03-CV-171, 2008 WL 419943, at *6 (S.D. Ohio Feb. 14, 2008) ("Plaintiffs are not challenging the amounts they owe to their creditors, but instead challenge the practices Defendants employed when they attempted to collect those debts. . . . Accordingly, this Court finds that Plaintiffs are not precluded from litigating their FDCPA claims.") However, Plaintiff's Complaint does not suffice. It can only be read as a challenge to the validity of the underlying debt, which was adjudicated in state court. Accordingly, the court finds that Plaintiff's Complaint is an impermissible collateral attack on a state court judgment.

**B.    Plaintiff's Motion to Change Venue**

Given the discussion above, the court denies as moot Plaintiff's Motion to Change Venue. However, the court notes that Plaintiff's cursory Motion would fail on the merits as well. The sole justification Plaintiff gives for transferring this action to the United States District Court for the Southern District of Ohio is that "Mr. Levy is in Columbus, Ohio." (Mot. to Change Venue at PageID #40, ECF No. 5.) Yet Defendants oppose Plaintiff's Motion as a waste of judicial resources and an improper attempt at forum shopping. (Defs.' Opp'n at PageID #50, ECF No. 7.) Because a transfer would not benefit the parties or promote the interest of justice, the court would deny Plaintiff's Motion. *See* 28 U.S.C. § 1404(a).

-6-

## IV. CONCLUSION

For the preceding reasons, the court grants Defendants' Motion to Dismiss (ECF No. 4) and denies as moot Plaintiff's Motion to Change Venue (ECF No. 5).

IT IS SO ORDERED.

>  */s/ SOLOMON OLIVER, JR.*
>  UNITED STATES DISTRICT JUDGE

July 30, 2020